THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00053-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ANDRE RAVON PAYTON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as an inquiry regarding his eligibility for a sentence reduction. [Doc. 40].

In his letter, the Defendant states that he "understand[s] that the law has changed regarding [18 U.S.C. §] 922(g)," and he asks whether he is eligible for a sentence reduction. [Doc. 40 at 1]. He further requests the appointment of counsel to assist him in seeking a reduction, as he is currently housed in a special housing unit and has "limited resources." [Id.].

To the extent that the Defendant's letter could be construed as a request for the appointment of counsel, his request is denied. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing

Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

While the Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation, see 18 U.S.C. § 3006A(a)(2)(B), the Court concludes that the interests of justice do not require the appointment of counsel in this case. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). The Defendant has not shown that he has a potentially meritorious claim for a sentence reduction, and he has failed to identify any particular challenge to pursuing such claims, other than his general and conclusory claim that he has access only to "limited resources." [Doc. 40 at 1]. It does not appear from the record that appointed counsel would assist the Defendant with either (1) establishing a meritorious claim or (2) developing the record further in support of a meritorious claim.

If the Defendant wishes to seek a sentence reduction, he must do so by filing a motion setting out a specific claim for relief. The Defendant is further cautioned that, in the future, he must seek relief from the Court by

way of a motion. Letters and other miscellaneous documents will not receive a response.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as an inquiry regarding his eligibility for a sentence reduction [Doc. 40], is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: December 5, 2024

Martin Reidinger
Chief United States District Judge